789 F.Supp. 302 (1992)
SOUTHWESTERN BELL TELEPHONE CO., Plaintiff,
v.
ALLNET COMMUNICATIONS SERVICES, INC., Defendant.
No. 4:92CV-00088SNL.
United States District Court, E.D. Missouri, E.D.
April 20, 1992.
*303 Chrisian A. Bourgeacq, Southwestern Bell Telephone Co., St. Louis, Mo., for plaintiff.
David B. Helfrey, Partner, Helfrey and Simon, St. Louis, Mo., for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
On January 17, 1992 Southwestern Bell filed suit against Allnet seeking damages in the amount of $816,406.95 for Allnet's alleged failure to pay for contracted local access services. Southwestern Bell filed suit in five counts for breach of contract, action on account, quantum meruit, account stated, and violation of the Communications Act of 1934, 47 U.S.C. § 151 et seq. Southwestern Bell alleges that Allnet agreed to pay for the use of local exchange networks which Southwestern Bell would provide access to; that Southwestern Bell did provide access services to Allnet in 1990 and 1991; and that despite demand for payment, Allnet refuses to pay for these services in the total amount of $816,406.95. This matter is before the Court on Allnet's motion to stay this court proceeding pending resolution of related matters before the Federal Communications Commission (FCC).
In support of its motion, Allnet avers that on March 12, 1990 it filed an amended complaint before the FCC, pursuant to the Communications Act of 1934, 47 U.S.C. § 208, challenging the reasonableness and discriminatory nature of the tariff and rates charged by Southwestern Bell (SWB) to Allnet for access to SWB's local exchange networks. Defendant's Exhibit A (attached to defendant's motion for stay). In its FCC complaint, Allnet claims that SWB's actions, including the rates charged in 1990 and 1991, are in violation of Sections 201(b), 202(a), and 203 of the Communications Act. Defendant Allnet argues that since the reasonableness of SWB's rates during the time in question is central to both the FCC action and this present action, and the issue of the reasonableness of the rates charged is well-within the expertise of the FCC, this Court should defer its jurisdiction over plaintiff's complaint until such time the FCC has rendered a final ruling in this matter. Essentially, Allnet argues that the doctrine of primary jurisdiction mandates staying this Court action until the FCC rules on the issues presented in Allnet's administrative complaint. Allnet believes that the FCC's ruling will be dispositive of the claims before this Court.
SWB counters that the Communications Act gives a plaintiff the choice of forums: the FCC or the District Court. SWB argues that it is simply exercising its "unequivocal right to pursue its claim for damages in this Court." It characterizes its claims as a "straightforward action to collect unpaid charges for service ..." and objects to Allnet's assertion that this case involves the reasonableness of rates. Plaintiff asserts that there is no issue as to the reasonableness of the rates because of the "filed tariff doctrine". SWB contends that under the "filed tariff doctrine", defendant Allnet is precluded from challenging *304 in this Court the reasonableness of rates duly filed with the FCC.
The doctrine of primary jurisdiction applies where enforcement of a claim originally cognizable in a court requires the resolution of issues which, under a regulatory scheme, have been placed within the special expertise and competence of an administrative agency; in such a case the judicial process is suspended pending referral of the issues in question to the administrative agency for its views. United States v. Western Pacific Railroad Co., 352 U.S. 59, 63-65, 77 S.Ct. 161, 164-66, 1 L.Ed.2d 126 (1956). The doctrine is concerned with "promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties." U.S. v. Western Pac. R. Co., 352 U.S. at 63, 77 S.Ct. at 165.
There is no fixed formula for applying the doctrine of primary jurisdiction. Each case must be evaluated independently to see whether "the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." U.S. v. Western Pac. R. Co., 352 U.S. at 64, 77 S.Ct. at 165. There are two reasons to apply the doctrine: 1) to secure uniformity and consistency in the regulation of businesses entrusted to a particular agency; and 2) to obtain the benefit of the expertise and experience of the particular agency. Nader v. Allegheny Airlines, 426 U.S. 290, 303-04, 96 S.Ct. 1978, 1986-87, 48 L.Ed.2d 643 (1976); U.S. v. Western Pac. R. Co., 352 U.S. at 64, 77 S.Ct. at 165; Far East Conference v. United States, 342 U.S. 570, 574-75, 72 S.Ct. 492, 494-95, 96 L.Ed. 576 (1952); In re Long Distance Telecommunications Litigation, 831 F.2d 627, 630-31 (6th Cir.1987). There are four factors generally considered by the courts, in an effort to promote the goals of uniformity, consistency, and utilization of expert knowledge, when determining if deferment to a particular agency, under the doctrine of primary jurisdiction, is appropriate. These factors are:
1) Whether the question at issue is within the conventional experience of the judge;
2) Whether the question at issue lies peculiarly within the agency's discretion or requires the exercise of agency expertise;
3) Whether there exists a danger of inconsistent rulings disruptive of a statutory scheme;
4) Whether a prior application to the agency has been made.
In re Long Distance Telecommunications Litigation, 612 F.Supp. 892, 897 (E.D.Mich. 1985).
The doctrine has been applied in cases where the action is within the jurisdiction of the court, however an issue concerning the validity of a rate or a practice included in the tariff of an agency is raised. Nader, 426 U.S. at 304, 96 S.Ct. at 1987, citing Southwestern Sugar & Molasses Co. v. River Terminals Corp., 360 U.S. 411, 417-18, 79 S.Ct. 1210, 1214-15, 3 L.Ed.2d 1334 (1959) and Danna v. Air France, 463 F.2d 407 (2nd Cir.1972). Issues regarding the reasonableness of rates have been held by courts to be within the primary jurisdiction of the FCC. In re Long Distance Telecommunications Litigation, 831 F.2d at 631; In re Long Distance Telecommunications Litigation, 647 F.Supp. 78, 79 (E.D.Mich.1986); In re Long Distance Telecommunications Litigation, 612 F.Supp. at 897. These courts found that the FCC has the authority to determine the reasonableness of rates pursuant to Section 201(b) of the Communications Act. Section 201(b) reads in pertinent part:
"[a]ll charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust, or unreasonable is declared to be unlawful."
This Court concurs. The FCC has been responsible for regulating the communications industry for a considerable number of years. Its expertise in regulating telecommunications carriers makes it very familiar with the practices and policies governing the provision of long distance telephone services. The FCC has the authority, under the Communications Act, not only *305 to determine the reasonableness of rates, practices, etc. but also grant relief to those victimized by unreasonable rates, practices, etc. and to order such other rates, practices, etc. that it may determine is reasonable within the telecommunications industry. 47 U.S.C. §§ 201(b) and 205.
Plaintiff SWB believes that Section 207 of the Communications Act provides it with some type of exclusive right to seek relief in this Court. Plaintiff has misinterpreted Section 207. Section 207 merely outlines the concurrent jurisdiction of the FCC and the district courts. It does not grant any substantive rights to SWB nor dictate where suit must be brought. See, In re Long Distance Telecommunications Litigation, 612 F.Supp. at 899. Plaintiff SWB's suit is proper in this Court unless this Court believes that the FCC is in a better position to deal with the issues raised in plaintiff's complaint.
As stated before, plaintiff SWB believes that it's action is nothing more than a simple collection matter. It avers that since its rates for local access are on file with the FCC, they are presumed reasonable, and by virtue of the "filed tariff doctrine", Allnet is precluded from raising the defense of unreasonableness of the charges. The Court has carefully reviewed plaintiff's complaint, Allnet's amended complaint before the FCC, and the cited caselaw of the parties. The Court concludes that the "filed tariff doctrine" is inapplicable to the present situation.
The "filed tariff doctrine" (more commonly known as the filed-rate doctrine) "forbids a regulated entity from charging rates for its services other than those properly filed with the appropriate federal regulatory authority." Arkansas Louisiana Gas Co. v. Hall (ARKLA), 453 U.S. 571, 577, 101 S.Ct. 2925, 2930, 69 L.Ed.2d 856 (1981); see also, Maislin Industries, U.S. v. Primary Steel, 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990); H.J., Inc. v. Northwestern Bell Telephone Co., 954 F.2d 485, 488 (8th Cir.1992); Taffet v. Southern Co., 930 F.2d 847, 855 (11th Cir. 1991); City of Kirkwood v. Union Electric Co., 671 F.2d 1173, 1178 (8th Cir.1982). The purpose of the filed-rate doctrine is to: 1) preserve the regulating agency's authority to determine the reasonableness of rates; and 2) insure that the regulated entities charge only those rates that the agency has approved or been made aware of as the law may require. H.J., Inc. v. Northwestern Bell Telephone Co. at 488, quoting ARKLA, 453 U.S. at 577-78, 101 S.Ct. at 2930-31. However, as the Supreme Court noted in Maislin, the filed-rate doctrine has an important caveat: the filed-rate is not enforceable if the regulating agency finds it unreasonable. Maislin, 110 S.Ct. at 2767. Contrary to plaintiff SWB's assertion, there is no presumption of "reasonableness" under the filed-rate doctrine. Consequently, courts have held the filed-rate doctrine inapplicable in cases where a party challenges the reasonableness of the rates charged. Cf., H.J., Inc. v. Northwestern Bell Telephone Co. at 491 (referring to its analysis in the Kirkwood v. U.E. case); City of Kirkwood v. U.E. at 1179. Plaintiff's cited cases are factually distinguishable from the present case, i.e. challenge to the reasonableness of rate charged not present nor a FCC complaint filed prior to the lawsuit involving the same matters.
It is clear to this Court that plaintiff's lawsuit is an attempt to circumvent the jurisdiction already exercised by the defendant Allnet before the FCC. Plaintiff is seeking recovery for rates charged to the defendant which defendant has already challenged as unreasonable and discriminatory before the FCC. The reasonableness of the rates charged by plaintiff is the entire crux of this matter. If this Court were to rule in favor of plaintiff, the underlying presumption would be that the rates were reasonable. What happens if the FCC, which has the express statutory authority to determine the reasonableness of rates charged by telecommunication carriers, determines that these same rates are unreasonable? The duplicity of these actions and the inconsistent rulings would only create more problems for the parties and necessitate further litigation.
*306 Plaintiff's complaint calls upon this Court to determine the reasonableness of the rates charged; an issue already properly before the FCC. The FCC's ruling in this matter will most likely be dispositive of plaintiff's complaint. Pursuant to the doctrine of primary jurisdiction, this Court will defer to the FCC's authority and expertise in ruling upon the reasonableness of the rates charged by SWB to Allnet for local access services, and stay the present lawsuit which involves the payment of these rates which are the subject of the FCC complaint.