AMERICAN TELEPHONE AND
TELEGRAPH COMPANY,
Plaintiff,

v.

MCI COMMUNICATIONS
CORPORATION,
Defendant.

AMERICAN TELEPHONE AND
TELEGRAPH COMPANY,
Plaintiff,

v.

WILLIAMS TELECOMMUNICATIONS
GROUP, INC., et al., Defendants.

AMERICAN TELEPHONE AND
TELEGRAPH COMPANY,
Plaintiff,

v.

SPRINT COMMUNICATIONS
COMPANY, L.P.,
Defendant.

Civ. A. Nos. 93–283 SSH, 93–284
SSH and 93–285 SSH.

United States District Court,
District of Columbia.

Nov. 9, 1993.

**14**

James F. Bendernagel, Sidley & Austin, Washington, DC, for plaintiff.

Chester T. Kamin, Michael H. Salsbury, Anthony C. Epstein, Jenner & Block, Donald J. Elardo, Frank W. Krogh, Washington, DC, for MCI Communications Corp.

William L. Fishman, Eric Fishman, Sullivan & Worcester, Washington, DC, Bob F. McCoy, Joseph W. Miller, Tulsa, OK, for Williams Telecommunications Group, Inc. (Wiltel).

H. Richard Juhnke, Michael B. Fingerhut, Washington, DC, for Sprint Communications Co., L.P.

*OPINION*

STANLEY S. HARRIS, District Judge.

Before the Court are the motions of defendants MCI Communications Corporation ("MCI"), Wiltel, Inc. ("Wiltel"), and Sprint Communications Company, L.P., ("Sprint") to dismiss in these consolidated cases. Upon careful consideration of the entire record, the Court grants the motions to dismiss of defendants MCI and Sprint. The Court stays the complaint against Wiltel pending resolution of related issues by the FCC.[1] Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," Fed.R.Civ.P. 52(a), the Court nonetheless sets forth its reasons.

*Background*

These consolidated cases arise out of the FCC's long-standing policy of exempting certain long distance carriers from the tariff filing requirement embodied in section 203 of the Communications Act, 47 U.S.C. § 203. Pursuant to this "permissive detariffing" policy, carriers that the FCC determined to be nondominant in the inter-exchange market were permitted to choose whether to file tariffs. *See Fourth Report and Order*, 99 F.C.C.2d 554, 578 (1983) (*"Fourth Report"*). Both MCI and Wiltel, in reliance on the *Fourth Report*, provided interstate telecommunications services to certain customers at specially negotiated rates not set forth in any tariff filed with the FCC. Sprint consistently has filed tariffs for all of its telecommunications services. These tariffs establish maximum rates for long distance telephone service and allow discounts from those rates under certain circumstances.

In 1992, the D.C. Circuit, in an appeal from a proceeding before the FCC brought by AT & T against MCI, held that the permissive detariffing rule of the *Fourth Report* violated section 203 of the Communications Act. *American Tel. & Tel. Co. v. FCC*, 978 F.2d 727 (D.C.Cir.1992), *cert. denied sub nom., MCI Telecommunications Corp. v.*

---

**1.** As an alternative to dismissal, Wiltel contends that AT & T's complaint against it should be transferred to the Northern District of Oklahoma, due to the pendency of a related action in Oklahoma. Before the Court had the opportunity to consider the merits of this motion, the Oklahoma action was transferred here. *See Wiltel v. AT & T*, CA No. 93–C–0195E (N.D.Okla. Sept. 22, 1993). Accordingly, the Court denies Wiltel's motion to transfer as moot.

*American Tel. & Tel. Co.*, —— U.S. ——, 113 S.Ct. 3020, 125 L.Ed.2d 709 (1993). The Court also held that AT & T was entitled to a cease and desist order against MCI. *Id.* However, the Court remanded the case to the FCC to reconsider AT & T's damage claim against MCI. *Id.* at 736–37. In response to that decision, MCI began to file tariffs containing rates with a range of discounts available as well as possible further adjustments under certain limited circumstances.[2]

The issue of MCI's liability for damages for the 1987–89 period currently is pending before the FCC. Also pending before the FCC are two counterclaims filed by AT & T against Sprint alleging that certain of Sprint's tariffs violated section 203. *See US Sprint Communications Co. Ltd. Partnership v. American Tel. & Tel. Co. Communications*, FCC File No. E–90–113 (filed Feb. 8, 1990); *US Sprint Communications Co. Ltd. Partnership v. American Tel. & Tel. Co. Communications*, FCC File No. E–91–63 (filed Feb. 19, 1991). In addition, on February 22, 1993, MCI petitioned the FCC for a declaratory ruling with respect to the potential liability for damages of nondominant carriers as a result of their past compliance with the *Fourth Report.*

On August 18, 1993, the FCC issued a Memorandum Opinion and Order establishing revised tariff filing requirements for nondominant common carriers. *Tariff Filing Requirements for Nondominant Common Carriers*, FCC Docket No. 93–36 (Aug. 18, 1993) ("*Rulemaking Order*"). This rulemaking became effective on August 23, 1993. *See* 58 Fed.Reg. 44,457 (Aug. 23, 1993) (to be

codified at 47 C.F.R. §§ 43, 61) ("Final Rule"), *pet. for review pending*, No. 93–1590 (D.C.Cir. filed Sept. 1, 1993). The *Rulemaking Order* authorizes nondominant carriers to file tariffs that set forth rates "in a manner of the carrier's choosing and may include a reasonable range of rates." *Rulemaking Order* at 3. The FCC has found that this tariff content requirement is consistent with section 203 of the Communications Act. *Id.* at 20. The *Rulemaking Order* authorizes tariffs such as those filed by MCI in response to the *AT & T v. FCC* opinion. It may also sanction tariffs such as those filed by Sprint during the time-period relevant to AT & T's complaint.[3]

AT & T brings these three complaints under section 207 of the Communications Act, 47 U.S.C. § 207, which allows "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter" to recover damages in federal district court. AT & T alleges that each of the three defendants has violated section 203 of the Communications Act by providing long distance telephone service to certain customers at secretly negotiated and unfiled rates. AT & T seeks damages for the conduct of MCI and Wiltel after February 10, 1991, and for Sprint's conduct after April 11, 1991.

### Discussion

■ All three defendants have moved to dismiss. Both MCI and Sprint contend that the doctrine of primary jurisdiction requires dismissal, or a stay, of AT & T's complaint because identical issues presently are being considered by the FCC.[4] The Court agrees

**2.** In response to a preliminary injunction entered, and later vacated, by this Court, between July 7, 1993, and September 24, 1993, MCI charged only rates that were either "published in" or "readily ascertainable from" its published schedule. *See American Tel. & Tel. Co. v. MCI Telecommunications Corp.*, No. 93–1147 (D.D.C. Sept. 24, 1993).

**3.** It is not clear to the Court whether the content of Sprint's tariffs are authorized by the current *Rulemaking Order*. It is evident that the content of such tariffs fell within the proposed rules—the proposed rules contemplated tariffs containing either a maximum rate or a range of rates. *See In the Matter of Tariff Filing Requirements for Nondominant Common Carriers*, 58 Fed.Reg. 17,-

813 (1993) (to be codified at 47 C.F.R. § 61) (proposed April 6, 1993). The Final Rule, however, allows nondominant carriers "to state in their tariffs either a fixed rate or a reasonable range of rates." *Rulemaking Order* at 2. Should the Court of Appeals find that the Final Rule is consistent with section 203 of the Communications Act, the Court believes that it will be the province of the FCC to determine whether Sprint's rate-filing practices are authorized by the Final Rule.

**4.** Both Wiltel and Sprint allege that AT & T lacks standing to pursue its claims. Because the Court dismisses AT & T's complaint against Sprint, and stays AT & T's complaint against Wiltel, the

that the issues raised in AT & T's complaints are better resolved by the FCC.

■ The primary jurisdiction doctrine allows a district court to dismiss, or stay, an action over which it has subject matter jurisdiction if it finds that an agency is better suited to make the initial decision on the issues in dispute. *See, e.g., Far East Conference v. United States,* 342 U.S. 570, 72 S.Ct. 492, 494–95, 96 L.Ed. 576 (1952); *Allnet Communication Serv., Inc. v. National Exchange Carrier Ass'n,* 965 F.2d 1118, 1120 (D.C.Cir.1992). Courts apply the primary jurisdiction doctrine on a case by case basis in order to secure uniformity in outcomes and to obtain the benefit of the expertise and experience of administrative agencies. *See, e.g., In re Long Distance Telecommunications Litig.,* 831 F.2d 627, 631 (6th Cir.1987).

■ Courts generally consider four factors in determining whether to invoke the primary jurisdiction doctrine:

(1) whether the question at issue is within the conventional experience of judges; (2) whether the question at issue lies peculiarly within the agency's discretion or requires the exercise of agency expertise; (3) whether there exists a danger of inconsistent rulings; and (4) whether a prior application to the agency has been made.

*Oasis Petroleum Corp. v. United States Dep't of Energy,* 718 F.2d 1558, 1564 (Temp.Emer.Ct.App.1983) (footnotes omitted). Upon consideration of these factors, the Court finds that it is appropriate to invoke the doctrine of primary jurisdiction with respect to each of the three complaints.

■ The Court finds that the FCC is better suited to determine the unresolved issue of whether either Sprint's tariffs or the tariffs filed by MCI after the *AT & T v. FCC* decision violate section 203 of the Communications Act. It is particularly appropriate to invoke the primary jurisdiction doctrine where it is necessary to determine whether a tariff is in compliance with regulatory standards. *See, e.g., Allnet v. NECA,* 965 F.2d at 1120; *Southwestern Bell Tel. Co. v. Allnet Communications Serv., Inc.,* 789 F.Supp. 302, 304 (E.D.Mo.1992). Moreover, the issue of whether MCI's currently filed tariffs are lawful is squarely before the Court of Appeals due to AT & T's appeal of the Final Rule authorizing such tariffs. That appeal also could determine whether Sprint's tariffs violate the Communications Act. Therefore, it would be inappropriate for this Court to resolve these issues.[5] Accordingly, the Court dismisses AT & T's complaint against Sprint and that portion of AT & T's complaint concerning MCI's post-November 1992 tariffs.[6]

■ The Court also finds it appropriate to invoke the doctrine of primary jurisdiction for AT & T's complaint against Wiltel, and for the portion of AT & T's complaint against MCI concerning those tariffs filed by MCI in reliance on the *Fourth Report.* The D.C. Circuit remanded the issue of damages for MCI's violations of the Communications Act between 1987 and 1989 to the FCC. *See American Tel. & Tel. Co. v. FCC,* 978 F.2d at 736–37. In order to resolve the damage issue, the FCC will need to determine wheth-

Court finds it unnecessary to resolve this issue at this time. Similarly, the Court does not reach the other issues raised by Sprint in support of its motion to dismiss.

5. In fact, the Court questions whether it even has jurisdiction to determine such issues. *See Telecommunications Research & Action Ctr. v. FCC,* 750 F.2d 70 (D.C.Cir.1984).

6. Once the Court of Appeals concludes its review of the Final Rule, issues relevant to the resolution of AT & T's complaints in this Court will need to be resolved by the FCC. If the Court of Appeals finds that the Final Rule is lawful under section 203(a), the portion of AT & T's complaint against MCI will be moot; the FCC still will need to determine, however, whether Sprint's tariffs

are consistent with the Final Rule. If the Court of Appeals concludes that the Final Rule is lawful under section 203(b) but not section 203(a), the FCC will need to resolve whether AT & T is entitled to damages against either Sprint or MCI due to their conduct before the Final Rule became effective. If the Court of Appeals finds that the Final Rule is in violation of the Communications Act, the FCC will still need to determine whether these defendants should be liable for damages. Therefore, this Court finds it appropriate to dismiss the complaint against Sprint, and the relevant portion of the complaint against MCI, rather than stay the case pending resolution of issues by other adjudicatory bodies. *See, e.g., Far East Conference,* 342 U.S. at 576, 72 S.Ct. at 495 (1952); *Allnet v. NECA,* 965 F.2d at 1123.

er MCI's reliance on the permissive detariffing rule provides a sufficient basis for denying damages. In addition, MCI has petitioned the FCC for a declaratory ruling with respect to the liability of nondominant carriers as a result of their past compliance with the *Fourth Report*. Thus, the very issues that this Court would have to resolve in order to determine the liability, if any, of MCI and Wiltel to AT & T currently are pending before the FCC. The Court finds that the resolution of these issues will require the application of policy judgments better left to the expertise of the FCC. Moreover, due to the pendency of actions before both this Court and the FCC, there is a danger of inconsistent rulings. Therefore, the Court finds that it is appropriate to dismiss AT & T's complaint against MCI. *See, e.g., Far East Conference*, 342 U.S. at 576, 72 S.Ct. at 495 (1952); *Allnet v. NECA*, 965 F.2d at 1123. Wiltel has not raised primary jurisdiction as a grounds for dismissal. Moreover, no case directly involving Wiltel is pending before the FCC. Therefore, the Court stays AT & T's action against Wiltel pending resolution of the related matters before the FCC.[7]

### Conclusion

For the foregoing reasons, the Court grants the motions of MCI and Sprint to dismiss. The Court denies Wiltel's motion to transfer as moot. The Court reserves ruling on Wiltel's motion to dismiss for lack of standing, and stays the case pending resolution of related issues before the FCC. An appropriate Order accompanies this Opinion.

### ORDER

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that the motion of MCI to dismiss is granted. It hereby further is

ORDERED, that the motion of Sprint to dismiss is granted. It hereby further is

ORDERED, that the motion of Wiltel to transfer is denied as moot. It hereby further is

ORDERED, that AT & T's complaint against Wiltel is stayed pending resolution of related issues before the FCC.

SO ORDERED.

---

7. Wiltel moved to dismiss on the basis of AT & T's lack of standing. The Court has chosen not to address this issue at this time. If the actions before the FCC do not resolve or moot the merits of the standing issue, the Court will request further briefing once the stay is lifted.